United States District Court			Southern District of Texas

| | | |
|---|---|---|
| Martha Regalado, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-08-2599 |
| | § | |
| Michael Astrue. | § | |
| | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1.  *Introduction.*

The question is whether substantial evidence supports the commissioner's decision that Martha Regalado is not disabled under the Social Security Act. It does.

Under 42 U.S.C. §§ 405(g), 416(i) and 423, Regalado brought this action for judicial review of the commissioner's final decision to deny disability insurance benefits. Both sides have moved for summary judgment.

2.  *Standard of Review.*

Judicial review is limited to determining whether there is substantial evidence in the record to support the commissioner's decision. Substantial evidence is a level of proof that a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A decision unsupported by substantial evidence must be overturned. Also, a decision unsupported by cogent facts is arbitrary, failing the requirement that governmental process be regular. *U.S. Const. amend. V.* This court may not independently try issues afresh or substitute its judgment for that of the secretary. *Jones v. Heckler*, 702 F.2d 616 (5th Cir. 1983).

3.  *The Statutory Criteria.*

The law provides a five-step sequential evaluation process to determine if a claimant is disabled. 20 C.F.R. §404.1520(a)(1). Step one, a claimant is not disabled if she is involved in any substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(i). Step two, a claimant is not disabled unless a medically determinable impairment lasts for a minimum of twelve months. 20 C.F.R. §404.1520(a)(4)(ii). Step three, a claimant is not disabled if she does not have an impairment that meets or equals one of the listings in appendix 1. 20 C.F.R. §404.1520(a)(4)(iii). Step four, if the commissioner cannot make a determination at the first three steps, then he will consider the limiting effects of any medically determinable impairments on the claimant's residual functional capacity to work. If the claimant can still perform her past relevant work, then she is not disabled. 20 C.F.R. §404.1520(a)(4)(iv). Step five, a claimant is not disabled if she can make an adjustment to other work that exists in significant numbers in the national economy. 20 C.F.R. §404.1520(a)(4)(v).

4.  *Evidence.*

A.  *Background.*

Regalado is a 57-year-old woman who claims a disabling combination of pain in her back, shoulder, and knee.

Regalado says these pains were aggravated by a fall at her work in June 2005. She applied for disability benefits on October 30, 2006. The agency denied her application, and she requested a hearing.

In January 2008, the hearing officer found that Regalado was not disabled because she did not have medical evidence that met or equaled Listing 1.04 for spinal disorders. The hearing officer found she could perform light work.

B.      *Application.*

The hearing officer properly found that Regalado was not disabled. The five-step process was correctly followed.

Step one, Regalado was not gainfully employed.

Step two, Regalado had been impaired for more than twelve months.

Step three, her injuries did not match the list nor did they combine to equal the requirements for a spinal disability. The treating physicians found that her MRI was essentially normal and that she had no nerve-root compression, herniation, foraminal stenosis, or facet arthrosis. The hearing officer noted that she had a positive straight leg raising test.

Step four, the hearing officer then decided whether Regalado could perform her past work as a head-start teacher. The hearing officer considered records from many of Regalado's treating physicians. The initial treating physician for Regalado's back, Doctor Lall, recommended exercises and no surgery. Other treating physicians confirmed her minimal symptoms and his modest treatments. Doctor Kumar-Miair assigned Regalado a zero-percent to her whole-person impairment rating. Doctor Sklar said that no additional treatment or further testing was needed. Doctor Schlain said Regalado walked with a normal, if small, gait. The medical evidence was wholly inconsistent with Regalado's testimony.

The hearing officer properly found that Regalado's condition did not meet the level of severity to be equivalent to any condition in the appendix on impairments. The hearing officer also found that Regalado could meet the demands of light work because she can stand or walk for six hours and lift up to twenty pounds, only subject to restrictions on stooping, climbing, and reaching overhead with her right hand. The requirements of a head-start teacher are equal to those of light work. The hearing officer was correct in finding that Regalado can still perform her past work.

6. *Conclusion.*

The decision of the commissioner denying Martha Regalado's claim for disability insurance is supported by substantial evidence and will be affirmed.

Signed on December 10, 2009, at Houston, Texas.

                                            Lynn N. Hughes    USDJ
                                       United States District Judge